IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAROLYN ANN MORRIS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:17-CV-3387-L** |
| | § | |
| **ROLANDO PABLOS,** | § | |
| **In His Official Capacity as Texas** | § | |
| **Secretary of State, and THE DALLAS** | § | |
| **COUNTY DEMOCRATIC PARTY, and** | § | |
| **CAROL DONOVAN,** | § | |
| **In Her Official Capacity as Party Chair,** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is "Plaintiffs'(sic) Expedited Motion for Preliminary Injunction Affecting 2018 Primary Election under Election Code Title 10 Political Parties Subtitle B Parties Nominating by Primary Election Chapter 171, Organization, Write In Declaration and Accompanying Memorandum of Law" (Doc. 3), filed December 13, 2017.[1] Plaintiff Carolyn Ann Morris ("Plaintiff"), proceeding *pro se*, asks the court to enjoin Defendants from enforcing section 172.112 of the Texas Election Code, which provides that "[w]rite-in voting in a primary election is not permitted." Tex. Elec. Code § 172.112. Having considered the pleadings, motion, and applicable law, the court, *sua sponte*, holds that Plaintiff lacks standing to bring this lawsuit, as she is seeking

---

[1] The court construes the instant motion as an original complaint and a motion for preliminary injunction, although the title does not include the term "Complaint." In addition, as Plaintiff is proceeding *pro se*, the court construes the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

**Memorandum Opinion and Order - Page 1**

to vindicate the constitutional rights of third parties not before the court. Accordingly, the court **denies** Plaintiff's Motion for Preliminary Injunction and **dismisses with prejudice** this action.

I.  **Background**

Plaintiff, proceeding *pro se*, filed this action on December 13, 2017, asking the court to enjoin Defendants from enforcing section 172.112 of the Texas Election Code, which provides that "[w]rite-in voting in a primary election is not permitted ." Tex. Elec. Code § 172.112. She alleges the court has subject matter jurisdiction under 28 U.S.C. §§ 1343(a), 2201, and 2202, and brings her claim for equitable relief under the Fourteenth Amendment of the United States Constitution. [2]

Plaintiff alleges she is a resident of Dallas County, Texas. Under a section titled "Nature and Stage of the Proceeding," she contends: "This proceeding is a request for a preliminary injunction enjoining Defendants' enforcement of the Texas laws governing the right of candidate (sic) to afford the opportunity for voters to write in a candidate on the 2018 general primary ballot." Compl. 4. Although Plaintiff's Complaint is difficult to decipher, construing it liberally, Plaintiff's Complaint appears to allege that because section 172.112 prohibits her from being a write-in candidate for the upcoming primary elections, the State of Texas has impermissibly burdened the Fourteenth Amendment rights of the its voters. She further alleges that an immediate injunction is required because the deadline for write-in candidates for the 2018 primary election is only four days away. Compl. 3.[3]

---

[2] Plaintiff also alleges her suit is brought pursuant to Title VII of the Civil Rights Act of 1964. *See* Compl. 1. Title VII relates to unlawful employment practices and has no application to this case.

[3] The court assumes Plaintiff is referring to the filing deadlines for write-in candidates in the general election. See Tex. Elec. Code §146.025 ("(a) Except as otherwise provided by this code, a declaration of write-in candidacy: (1) must be filed no later than 5 p.m. of the 78th day before general election day[.]"). This provision, however, has no application to primary elections.

**Memorandum Opinion and Order - Page 2**

II.     Analysis

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2. In an attempt to give meaning to Article III's "case or controversy requirement," the courts have developed a series of principles termed "justiciability doctrines." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). One such doctrine is standing, which "consists of two strands: constitutional standing and prudential standing." *TF-Harbor, LLC v. City of Rockwall, Tex.*, 18 F. Supp. 3d 810, 817-18 (N.D. Tex. 2014) (Fitzwater, J.), *aff'd sub nom. TF-Harbor, L.L.C. v. City of Rockwall Tex.*, 592 F. App'x 323 (5th Cir. 2015) (citing *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* __U.S. __, 134 S.Ct. 1377 (2014)). Constitutional standing is an "irreducible constitutional minimum" under Article III's case-or-controversy requirement, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), and it requires an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013) (citation omitted). "[T]he injury must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560 n. 1. Prudential standing, by contrast, does not emanate from the Constitution, and it instead "embodies judicially self-imposed limits on the exercise of federal

**Memorandum Opinion and Order - Page 3**

jurisdiction.'" *Cibolo Waste, Inc. v. City of San Antonio,* 718 F.3d 469, 474 (5th Cir. 2013) (citation and internal quotation marks omitted). The prudential standing limitations include, among others, the requirement that a plaintiff must assert her own legal rights and interests and cannot rest her claim for relief on the legal rights and interest of third parties. *See generally Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party.").[4]

Even applying the most liberal pleading standard, the court concludes that Plaintiff has failed to allege any facts that demonstrate she is the proper party to invoke judicial resolution of whether section 172.112 of the Texas Election Code places an impermissible burden on the constitutional rights of Texas voters. From the face of the pleadings, Plaintiff is bringing her claim as a disgruntled potential write-in candidate, complaining that section 172.112 of the Texas Election Code is preventing her from being a write-in candidate for the primary election. *See* Compl. 3 (complaining about her inability to be placed on the 2018 general primary ballot). The injury she asserts, however, and the one upon which she invokes this court's subject matter jurisdiction, is premised on the alleged impermissible burdens placed on the fundamental right to vote of Texas voters.[5] Notably, she nowhere alleges any violation of her right to vote. The only conclusion the court to be drawn from the muddled pleading is that Plaintiff is attempting to vindicate the rights of Texas voters based

---

[4] In 2014, the Supreme Court curtailed to doctrine of prudential standing insofar as the "zone-of-interest" test. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* __U.S. __, 134 S. Ct. 1377, 1386-89 (2014). With respect to the doctrine of third-party standing, however, which is at issue in this case, the court noted: "This case does not represent any issue of third-party standing, and consideration of that doctrine's proper place in the standing firmament can await another day." 134 S. Ct. at 1387 n.3.

[5] The Supreme Court has "repeatedly recognized that all qualified voters have a constitutionally protected right to vote . . . and to have their votes counted[.]" *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (internal citations omitted).

on her inability to be placed on a ballot in the primary elections. As previously stated, a plaintiff cannot rest her claim for relief on the legal rights and interest of third parties. *Warth*, 422 U.S. at 498; *see also Barrows*, 346 U.S. at 255. As Plaintiff is seeking to vindicate the constitutional rights of third parties not before the court, she lacks prudential standing to seek an injunction from this court enjoining the enforcement of section 172.112 of the Texas Election Code.[6]

**III. Conclusion**

In sum, following a close examination of the pleadings, Plaintiff's Motion for Preliminary Injunction, and applicable law, the court concludes that Plaintiff lacks standing to challenge the constitutionality of Texas's ban on write-in voting in primary elections, as she is seeking to vindicate the constitutional rights of a third party, here, the Texas voters. Accordingly, these claim are **dismissed with prejudice.**[7]

It is so **ordered** this **14th day** of **December, 2017.**

Sam A. Lindsay
United States District Judge

---

[6] Further, even were the court to construe her Complaint as seeking to vindicate her own right as a potential write-in candidate, she fails to allege how section 172.112 of the Texas Election Code is unconstitutional, either facially or as applied, similarly resulting in dismissal.

[7] *See Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6).").